IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELYN D., | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-11434 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacquelyn D.[1] now comes before the Court seeking an award of attorney's fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [dkt. 30]. Defendant Commissioner of Social Security ("Commissioner") opposes this motion, in part. For the following reasons, Plaintiff's motion is granted in part. Plaintiff's counsel is awarded $23,653.13 in fees and costs.

**I. Procedural History and Legal Standard**

Plaintiff filed her application for disability insurance benefits on May 14, 2013, alleging a disability onset date of September 30, 2010. The claim was denied initially, and again upon reconsideration. After an administrative hearing, ALJ Jessica Inouye issued an October 15, 2015 opinion finding Plaintiff not disabled. This Court upheld the ALJ's decision, and Plaintiff appealed to the Seventh Circuit, where she was successful in her appeal. *Jacqueline D. v. Berryhill*, 756 F. App'x 619 (7th Cir. 2019). Plaintiff now seeks $32,520.63 in fees and costs pursuant to the EAJA.

Under the EAJA, a court may award reasonable fees and costs if: (1) the claimant was a prevailing party; (2) the Commissioner's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the claimant files a complete and timely

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s). We have also used this same naming convention when citing to Plaintiff's Seventh Circuit appeal herein.

application. 28 U.S.C. § 2412(d)(1)(A)-(B); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009).

The Commissioner does not dispute that Plaintiff was the prevailing party, that she filed a timely application, or that any special circumstances exist that would make an award unjust; the Commissioner even concedes the issue of substantial justification. At issue here is whether the fee award Plaintiff seeks is reasonable.

## II. The Reasonableness of Plaintiff's Proposed Fee Award

### a. Hourly Rate

The Commissioner takes issue with two aspects of Plaintiff's proposed fee award. First, the Commissioner asserts that Plaintiff's counsel's proposed hourly rate of $194.07, which is based on the national Consumer Price Index ("CPI") for October 2016 (the last full month before the legal work began), is too high. According to the Commissioner, the EAJA award should be calculated using the regional CPI, resulting in an hourly rate of $184.35. The Court agrees.

Under the EAJA, an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that…attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living…justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii). Congress set the current $125 maximum hourly rate under the EAJA in 1996, but in more recent years, the Seventh Circuit determined that "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted." *Trump v. Colvin*, 2015 WL 970111, at *2 (N.D. Ill. Mar. 2, 2015) (citing *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)).

The Seventh Circuit has since clarified the appropriate measure for calculating the cost-of-living adjustment for EAJA petitions. In *Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015), the Court determined that the CPI is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423). However,

2

*Sprinkle* does not create an automatic entitlement to a fee enhancement; in order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 428. Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates." *Trump*, 2015 WL 970111, at *3; see also *Sprinkle*, 777 F.3d at 429 ("to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services").

The *Sprinkle* Court left it to the court's discretion whether to use the national or the regional CPI when calculating the inflation-adjusted hourly rate. 777 F.3d at n.2. ("We…leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). Since then, district courts in the Seventh Circuit have continued to calculate the enhanced rate using both the national and regional CPI, and no uniform consensus has been reached on the issue. *Compare Vasquez v. Colvin*, 2016 WL 687900, at *2 (N.D. Ill. Feb. 19, 2016), *with Fox v. Colvin*, 2016 WL 5402751, at *2 (N.D. Ill. Sept. 26, 2016). Here, the Commissioner argues the rate should be based on the regional CPI, rather than the national CPI as Plaintiff urges.

As other decisions within the Northern District of Illinois recently stated in both *Mitchell v. Berryhill*, 2019 WL 764043, at *2 (N.D. Ill. Feb. 21, 2019) and *Sammie R. v. Berryhill*, 2019 WL 1057355, at *4 (N.D. Ill. Mar. 6, 2019), the "regional CPI index is the appropriate factor to use when calculating the inflation-adjusted hourly rate." (Both cases awarded the regional CPI rate to attorneys from the same firm as Plaintiff's counsel in the instant case.) This is so because the hourly rate produced by use of the regional CPI best approximates the prevailing market rate in the community in which Plaintiff's counsel performed their work. Consequently, the Court adopts the Commissioner's proposed hourly rate of $184.35 based on the regional CPI.

2. **Number of Hours**

Second, the Commissioner argues that the 153.8 attorney hours expended here are excessive,

3

and takes particular umbrage with the 68.3 hours spent preparing for oral argument before the Seventh Circuit. Plaintiff, not the Commissioner, bears the burden of proving that her fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). When assessing fees under the EAJA, the "court should exclude from the 'fee calculation hours that were not reasonably expended.'" *Ruiz v. Colvin*, 2016 WL 2908287, at *3 (N.D. Ind. May 18, 2016) (quoting *Hensley*, 461 U.S. at 434). To determine whether counsel's hours were reasonably expended, the court may consider factors "such as the complexity of the case, the number and type of issues raised, and the size of the administrative record." *Cummings v. Berryhill*, 2017 WL 926766, at *1 (N.D. Ill. Mar. 8, 2017). Additionally, counsel must exercise billing judgment, in that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*…" *Hensley*, 461 U.S. at 434 (emphasis in original). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) (citation omitted).

Here, the Commissioner makes no argument that the hours expended by Plaintiff's counsel outside the 68.3 hours spent preparing for oral argument were unreasonable. Rather, the Commissioner asks the Court to cap the number of hours for work preparing for oral argument to "28.5 hours (allowing time for 3 full business days (24 hours) of preparation, plus the 4.5 hours claimed for attending and presenting argument)." Dkt. 37, p. 6.

"Courts in this district have routinely held that 40 to 60 hours is a reasonable amount of time for attorneys to spend working on a social security appeal." *Spraggins v. Berryhill*, 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018). Similarly, the "standard range for [total] hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours." *Bohannon v. Colvin*, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017). While a Seventh Circuit appeal may be more laborious than the appeal to the district court, it also may not be; as at least one court has held that "[a]lthough not a perfect comparison, [appealing a case to the circuit court] effectively amounts to a second appeal and, accordingly, it seems reasonable to the Court for the amount of fees generated before the [circuit court] to roughly reflect

4

the amount of fees before the district court." *Kilinski ex rel. Kilinski v. Astrue*, 2012 WL 5353568, at *3 (D. Colo. Oct. 30, 2012).

Regardless, the Commissioner maintains that Plaintiff's attempt to recover in excess of the high end of this range solely for oral arguments is unreasonable. The Court agrees. To be clear, a review of case law in the Seventh Circuit reveals that Plaintiff's request for 153.8 attorney hours is not outside the upper-end range of EAJA awards in cases that included an appeal to the Seventh Circuit. *See, e.g.*, *Villano v. Astrue*, 2009 WL 1803131, at *4 (N.D. Ind. June 23, 2009) (granting award for approximately 180 hours); *Getch v. Astrue*, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12, 2009) (granting award for 169.2 hours). On the other hand, district courts within the Seventh Circuit have reduced similarly high attorney fee requests for hours expended on appellate arguments in other contexts. For example, the Southern District of Indiana found that 60-65 hours for preparing for and presenting argument before the Seventh Circuit was "significantly excessive" when counsel "was already well-versed on the relevant issues before oral argument" after having prepared the briefs. *Cerajeski v. Zoeller*, 2016 WL 771977, at *9 (S.D. Ind. Feb. 29, 2016). The court found that "20 hours would have been a reasonable amount of time" to prepare for and present appellate oral argument, and commensurately reduced the award. *Id.* The *Cerajeski* court cited the Seventh Circuit's decision in *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir. 1988). In *Ustrak*, the Seventh Circuit held that "[a]lmost a week's work is far too much for preparing to argue an appeal in a case involving simple facts, a three-day trial, and legal issues of limited (though not trivial) scope and novelty," rejected the argument that this time was necessary because lead counsel was unavailable to argue the case, and reduced the 38 hours of attorney time requested to 16 hours. *Id.* at 987. The Northern District of Illinois and the Western District of Wisconsin have similarly reduced attorney time requested for preparing for and presenting appellate oral argument, including requests that were measurably smaller than the 68.3 hours Plaintiff seeks for that task in the instant case. *See Shula v. Lawent*, 2004 WL 2044279, at *2 (N.D. Ill. Sept. 2, 2004) (reducing the requested 46.6 hours to 22); *Johnson v. Prudential Ins. Co. of Am.*, 2000 WL 34229755, at

5

*1 (W.D. Wis. Sept. 5, 2000) (reducing the requested 40 hours to 20).

A review of the above-enumerated factors and case law supports a reduction of hours here. While we are mindful of Plaintiff's argument that certain parts of Plaintiff's case differ from the run-of-the-mill social security case (namely the "relatively unusual issue of the applicability of a Veteran's Administration disability rating." Dkt. 38, p. 4), the Court agrees with the Commissioner that "[i]t would be unreasonable for attorneys who represented [Plaintiff] at the administrative level, and fully briefed the case in both district court and appellate court and billed for this time, to then additionally bill [Plaintiff] for nearly two business weeks of attorney time, well over $13,000, solely to prepare for a 10-minute oral argument." Dkt. 37, p. 9. We are wary of creating a windfall by granting such a large award of hours to three attorneys from the same firm preparing for one of them to give an oral argument. We are also mindful of Plaintiff's counsel's argument that "the collaborative effort of the 'drafter' and the 'speaker' does not amount to 'duplication of efforts'." Dkt. 38, p. 4. However, this largely is a matter of billing judgment. No client would hesitate to balk at the number of hours spent on this task. It is perhaps the case that many of these hours should be written off internally as a teaching moment between members of the firm (particularly here, where the attorney who presented oral argument also edited the appellate brief), but it does not strike the Court as reasonable to include them on the bill here. *See Hensley*, 461 U.S. at 434 (hours not properly billed to one's client also not properly billed to one's adversary); *Spegon*, 175 F.3d at 552 ("Billing judgment consists of winnowing the hours actually expended down to the hours *reasonably* expended.") (emphasis added).

While the Court agrees with the *Cerajeski* holding that "20 hours would have been a reasonable amount of time" to prepare for and present appellate oral argument, we agree that the issue of the Veteran's Administration disability rating warrants slightly more time than 20 hours. Here, the Commissioner suggests a reduction from the 68.3 hours to 28.5 hours (24 hours preparing for oral argument and 4.5 hours attending oral argument) would be reasonable in this case. This is not outside the realm of what the Court was inclined to award, so we will adopt the Commissioner's suggestion

in this regard.

Plaintiff will be awarded 114 attorney hours at 184.35 per hour (based on the October 2016 Chicago CPI), plus paralegal fees of $1,269 and costs of $1,404.23 (these latter two sums being the exact amount requested by Plaintiff's counsel).[2] This results in a total EAJA award of $22,248.90 in attorney and paralegal fees, and $1,404.23 in costs.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees pursuant to the EAJA [dkt. 30] is granted in part. Plaintiff is awarded $23,653.13 in fees and costs.

ENTERED: 5/31/2019

_____
U.S. Magistrate Judge, Susan E. Cox

---

[2] Although the Commissioner raises no objection to Plaintiff's paralegal fees, and the Court has not reduced them here, Plaintiff's counsel would do well to exercise more billing judgment in this area in the future, as it appears at least one entry for downloading briefs may be duplicative of attorney time. *Compare* 9/11/2018 NAS timekeeper entry (dkt. 35-1, p. 2), *with* 9/11/2018 SMG timekeeper entry (dkt. 31-4, p. 2).